## UNITED STATES *v.* GRANT.

APPEAL FROM THE COURT OF CLAIMS.

Submitted December 17th, 1883.—Decided January 21st, 1884.

*Appeal—Court of Claims—Statutes.*

An act which directs the Court of Claims to reopen and readjudicate a claim, and in case it finds a further amount due that the same shall be a part of the original judgment, confers no right of appeal from the final action of the court under it; and if the time for the right of appeal from the original judgment has expired before appeal from such final action is claimed and taken, the appeal will be dismissed.

Motion to dismiss an appeal from the Court of Claims.

*Mr. W. Hallett Phillips* for the motion.

*Mr. Solicitor-General* and *Mr. Assistant Attorney-General Simons* against.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Grant & Co. sued the United States in the Court of Claims on the 2d of December, 1868, and on the 6th of December, 1869, recovered a judgment for $34,225.14. On the 5th of January, 1883, the following act was passed by Congress:

"Be it enacted. . . . That the Court of Claims be, and it is hereby, directed to reopen and readjudicate the case of Albert Grant and Darius Jackson . . . upon the evidence heretofore submitted to the said court in said cause . . . , and if said court in such readjudication shall find from such evidence that the court gave judgment for a different sum than the evidence sustains or the court intended, it shall correct such error and adjudge to the said Albert Grant such additional sum in said cause as the evidence shall justify, not to exceed fourteen thousand and sixteen dollars and twenty-nine cents; and the amount by readjudication in favor of the said Albert Grant shall be a part of the original judgment in the cause recorded in the fifth Court of Claims report, page eighty."

Under this act Grant, on the 13th of January, 1883, applied

to the court to re-examine the case and to render a judgment *nunc pro tunc* for the additional sum of $14,016.29. Upon this application, the court, on due consideration, found that the original judgment was given for a different sum than was intended, and that, "in order to correct such error and adjudge to said Albert Grant such additional sum in this cause as the evidence justifies, he should receive a further sum of $14,016.29," and on the 11th of June, 1883, a judgment for that amount was rendered. From this judgment the United States took an appeal, which Grant now moves to dismiss on the ground that no appeal lies from an order or judgment entered in such a proceeding.

In our opinion, this motion should be granted. The act of Congress, in its legal effect, is nothing more than a direction to the Court of Claims to entertain an application to correct an error in the entry of one of its former judgments. The readjudication ordered is to be upon the old evidence, and, if an error is found, the correction is to be made, not by rendering a new judgment, but by amending the old one. The language is, "and the amount by readjudication in favor of the said Albert Grant shall be a part of the original judgment." As, when the act was passed, an appeal from the original judgment was barred by lapse of time, we are satisfied it was the intention of Congress to make the action of the Court of Claims upon this readjudication final. Certainly the old judgment is not opened to an appeal by the readjudication, and there is nothing to indicate that the new part of the judgment can be separated from the old for the purposes of review here. By the correction the new judgment was merged in the old.

*The motion to dismiss is granted.*